### Henry Miller v. Chicago City Railway Co.

1. VERDICTS—*Special Finding Inconsistent with a General Verdict.* —A special finding " that the plaintiff, by the exercise of ordinary and reasonable care on his part, would have avoided the injury," is irreconcilable with a general verdict of guilty, and must control.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed October 30, 1903.

THORNTON & CHANCELLOR, attorneys for appellant; JAMES DEWITT ANDREWS, of counsel.

WILLIAM J. HYNES and SAMUEL S. PAGE, attorneys for appellee; MASON B. STARRING, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellant filed his declaration in the court below in an action on the case against appellee, in each count of which he alleged that, at and before the time of the collision and injury therein complained of, he was exercising due care and caution for his own safety, and that through the negligence of the servants of the defendant a collision occurred between the wagon in which he was and a street car of the defendant, in which he sustained serious injuries.

There was a trial, a general verdict of guilty, assessing

appellant's damages at $3,000, and the following special finding of fact:

"Do you believe from the evidence that the plaintiff, by the exercise of ordinary and reasonable care on his part, would have avoided the injury? Answer: Yes."

Appellant did not in the court below ask for judgment on the general verdict, but moved for a new trial. The court denied his motion and rendered a judgment on the special finding against appellant.

The evidence in this case is not set out in the abstract, and there is presented for our decision but the single question: Is the special finding of fact inconsistent with the general verdict?

In Chicago City Ry. Co. v. Taylor, 170 Ill. 49, the trial court refused to submit to the jury six interrogatories, but gave the following:

"8. Could the plaintiff, Taylor, by the exercise of reasonable and ordinary care and watchfulness on his part, have avoided the collision in question?"

This was answered in the negative, and there was a general verdict of guilty.

The Supreme Court, in considering the question whether there was error in refusing to submit to the jury the other interrogatories, said:

"It is manifest that the real, important and controlling question in the case was whether the plaintiff, in driving the horse-car across the track of appellant, exercised ordinary care to avoid the collision which resulted in his injury. If that question was fairly submitted in interrogatory No. 8, there was no necessity for propounding other questions to the jury which might have a near or remote bearing on the question. Had the jury found, in answer to interrogatory No. 8, that Taylor, by the exercise of reasonable and ordinary care, could have avoided the collision, and so returned in the verdict, that would have been an end of the case. So, also, a finding that Taylor, by the exercise of reasonable and ordinary care, could not have avoided the collision, would seem to be conclusive on the question of plaintiff's negligence."

The special finding in this case is quite as irreconcila-

ble with the general verdict of guilty as the special finding in the Taylor case, if answered in the affirmative, would have been with the general verdict in that case.

The special finding is made not weaker, but stronger, by the use of the word " would " where the word "could " was used in the Taylor case.   The question for the jury under the interrogatory submitted was not, what a man situated as appellant was situated might possibly have done—what he could have done to avoid injury—but what, in the sound judgment of the jury, an ordinarily prudent man would have done under the circumstances; and accordingly, as in their judgment, appellant, in what he did, as shown by the evidence, did, or did not, act as an ordinarily prudent man would have acted—did, or failed to do, what an ordinarily prudent man would have done under the circumstances— would their answer to the interrogatory be yes or no.   The objection that the interrogatory is not limited to the time at and just before the injury, is not tenable.

Finding no substantial error in the record, the judgment of the court below will be affirmed.

Mr. Justice STEIN took no part in this decision.